**Ron K. Cheng, OSB #142955**
ron@mdkaplanlaw.com
KAPLAN LAW, LLC
50 SW Pine Street, Suite 302
Portland, Oregon 97204
Telephone: 971.770.2053

**Robert Le, OSB #094167**
rl@robertlelaw.com
THE LAW OFFICE OF ROBERT LE
1235 SE Morrison Street, 2nd Floor
Portland, Oregon 97214
Telephone: 503.734.2099

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JOSHUA ASHLEY** and **KATIE ASHLEY**, | Case No. 3:19-CV-01115 |
| Plaintiff, | **COMPLAINT** |
| | Product Liability Civil Action (ORS 30.900) |
| v. | and Spousal Consortium Claim |
| **WALMART INC.** | Demand for Jury Trial |
| Defendant. | |

1.

## INTRODUCTION

Plaintiff Joshua Ashley served as a youth pastor at a church camp. On July 20, 2017, the church camp was playing games with a product called the "Bubble Ball," sold and distributed by Defendant Walmart Inc. The Bubble Ball is a large inflatable ball with an open space in the center which allows a person to strap themselves inside the ball with shoulder harnesses and collide into other Bubble Ball users – akin to playing bumper cars. When Plaintiff Ashley got into a never-

used-before Bubble Ball and started playing with other participants, his shoulder harness broke on

collision, flinging him headfirst into the ball and the other user, causing Plaintiff Ashley to break

his neck and sustain a severe concussion.

## FIRST CLAIM FOR RELIEF

## (STRICT PRODUCTS LIABILITY – ORS 30.900)

2.

At all material times, Defendant Walmart Inc. is a foreign business corporation, authorized

to do business and doing business as Walmart, selling goods and products, including Magic Time's

"Bubble Ball", throughout the state of Oregon.

3.

Plaintiff Josh Ashey's employer, a church, had purchased the Bubble Ball toys from Walmart,

Inc. in 2017.

4.

The Bubble Ball came in a box which advertised it as the "Most extreme contact sport ever!".



5.

The Bubble Ball was a large plastic ball with an open space in the center in which a person could strap themselves in with a shoulder harness and be shielded from impact around the body when used in conjunction with other Bubble Ball users.

6.

Once strapped in the shoulder harness, the user of the Bubble Ball would be able to bump into other Bubble Ball users and are supposed to bounce off each other harmlessly, protected by the big inflatable bubble.

7.

The instruction manual for the Bubble Ball did not have an upper age or weight restriction.

8.

Prior to July 20, 2017, the incident Bubble Ball was unused and in new condition, as purchased from Defendant Walmart Inc.

9.

On or about July 20, 2017, Plaintiff Josh Ashley used one of the Bubble Balls for the first time and was properly strapped into the center of the ball with the shoulder harness as instructed by the product manual.

10.

Plaintiff proceeded to play with other Bubble Ball users, also strapped inside a Bubble Ball.

11.

When Plaintiff Josh Ashley attempted to bump into one of the other Bubble Ball Users, Plaintiff's shoulder harness snapped, flinging Plaintiff headfirst into the Bubble Ball and the other user without any shock absorption.

12.

Plaintiff Josh Ashley suffered a Jefferson's fracture to his cervical spine and was life-flighted to a hospital.

13.

Plaintiff Josh Ashley has incurred approximately $75,000.00 in medical expenses and continues to suffer from headaches, concussion, memory loss, and other brain injuries, some of which may be permanent.

14.

Defendant is strictly liable under ORS 30.900 for distributing and selling the Bubble Ball in an unreasonably dangerous and defective condition for the use intended, in one or more of the following particulars:

a)  In failing to properly affix the shoulder harness during manufacturing so that it would not break during use;

b)  In failing to inspect the Bubble Ball for defects;

c)  In failing to warn users of the inherent dangers of using the bubble ball;

d)  In failing to guide users on the proper use of the bubble ball;

e)  In failing to guide users on the proper form of using the bubble ball; and

alternatively, if the shoulder harness was properly affixed during manufacturing,

f)  In failing to properly design the bubble ball shoulder harness so that it would not break during use;

g)  in failing to warn users of the age or weigh restrictions of using the bubble ball.

15.

The fault of Defendant caused Plaintiff Josh Ashley to suffer medical injuries with expenses approximating $75,000.00, future and ongoing medical expenses to be determined based on the evidence not to exceed $100,000.00, and past and future wage loss and earning capacity in the approximate amount of $75,000.00; all to his economic damages of approximately $250,000.00 to date. Plaintiff Josh Ashley reserves the right to amend the damages based on evidence discovered in litigation and presented at trial.

16.

As a further result of Defendant's fault, Plaintiff Josh Ashley has endured pain and his activities of daily living have been adversely affected, all to his non-economic damage in the amount of $2,000,000.00.

## SECOND CLAIM FOR RELIEF

### (PUNITIVE DAMAGES)

17.

Plaintiffs are under the impression that Defendant is aware of other similar injuries and the product's defect and plaintiff seeks punitive damages at an amount to be determined at a later time.

## THIRD CLAIM FOR RELIEF

### (LOSS OF CONSORTIUM)

18.

Plaintiff Katie Ashley is married to Joshua Ashley.

19.

As a result of the incident and liability of Defendant described in paragraphs 1 through 16 above, Plaintiff Katie Ashley has suffered distress and loss of care, comfort, companionship, and consortium, all to her non-economic damages in the amount of $1,000,000.00.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

a) That Plaintiff Joshua Ashley be awarded $250,000.00 in economic damages;

b) That Plaintiff Joshua Ashley be awarded $2,000,000.00 in non-economic damages;

c) That Plaintiff Katie Ashley be awarded $1,000,000.00 in non-economic damages;

d) That Plaintiffs be awarded punitive damages in an amount to be determined by a jury;

e) That Plaintiffs be awarded a prevailing party fee and costs and disbursements herein;

///

///

///

f) That Plaintiffs be awarded other and further relief as this court deems just and equitable.

DATED this 18th$^{th}$ day of July, 2019.

s/Ron K. Cheng
Ron K. Cheng, OSB #142955
KAPLAN LAW LLC

Robert Le, OSB #094167
LAW OFFICE OF ROBERT LE

Of Attorneys for Plaintiffs